## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **K.H. and C.H.**

**No. 16-0129** (Kanawha County 15-JA-200 and 15-JA-201)


## MEMORANDUM DECISION

Petitioner Father J.H., by counsel Jason S. Lord Jr., appeals the Circuit Court of Kanawha County's January 11, 2016, order terminating his parental rights to K.H. and C.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher S. Dodrill, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer R. Victor, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that he abused and neglected his children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2015, the DHHR filed an abuse and neglect petition alleging that petitioner sexually abused his girlfriend's ten-year-old granddaughter, K.B. Upon the filing of the petition, petitioner sent his children, K.H. and C.H., to live with their paternal grandmother in Columbus, Ohio. The DHHR alleged that petitioner sent the children to the State of Ohio so that the DHHR could not remove them from his custody. The DHHR also alleged that all three children were in danger as a result of petitioner's sexual abuse.

In October of 2015, the circuit court held an adjudicatory hearing wherein it heard testimony from Maureen Runyon, of the West Virginia Child Advocacy Network, who interviewed K.B. Ms. Runyon testified that K.B. told her that petitioner forced her to perform anal and oral sex, digitally penetrated her vagina, and groped her breasts. Ms. Runyon testified that K.B. was very descriptive in her account of the sexual abuse and her recount of the abuse,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

including a description of how she felt and what petitioner said to her. Ms. Runyon further testified that K.B. told her that petitioner physically abused her, K.H., and C.H. Petitioner testified and denied the abuse allegations. Petitioner blamed the abuse allegations on K.B.'s "vivid imagination" and claimed that K.B. watched too much television. Petitioner further testified that K.B. previously fabricated sexual abuse allegations when she lived in the State of Virginia, but he did not present any evidence to substantiate those allegations. Based on the evidence presented, the circuit court found by clear and convincing evidence that the children were abused and neglected. The circuit court also found that petitioner sexually, physically, and emotionally abused K.B., which the circuit court found were aggravated circumstances warranting a finding that petitioner abused all three children.

In December of 2015, the circuit court held a dispositional hearing. Based on the evidence presented at the adjudicatory hearing and the aggravated circumstances of the abuse, the circuit court terminated petitioner's parental rights to K.H. and C.H. by order dated January 11, 2016.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the DHHR failed to satisfy its burden of proof at adjudication. Specifically, petitioner asserts that the circuit court should have believed his testimony that he never had a "sexual encounter" with K.B., that she previously fabricated sexual abuse allegations, and that K.B. "was not taking her medication."[2] Petitioner contends that the circuit court was presented with testimony of "one person's word against another" and thus lacked the necessary evidence to find that he sexually abused K.B. The Court, however, disagrees.

---

[2]Petitioner offered no evidence that K.B. was prescribed any medications, or that a failure to take any certain medication would have called her testimony into question.

An abused child is one whose "health or welfare is harmed or threatened by [a] parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." W.Va. Code § 49-1-201(A) (2012). We have also explained that

> "W.Va. Code, [§] [49-4-601(2)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted).

Upon our review, we find that the record demonstrates that the circuit court was presented with ample evidence of petitioner's abuse. Maureen Runyon testified that K.B. told her that petitioner sexually abused her for months, forced her to perform anal and oral sex, digitally penetrated her vagina, and groped her breasts. Ms. Runyon also testified that K.B. provided a descriptive account of the sexual abuse and indicated that petitioner physically abused her, K.H., and C.H.[3] Based upon the record, the evidence of abuse and neglect is sufficient to support the circuit court's findings that petitioner was an abusing parent and that the children were abused and neglected.

Although petitioner denied abusing the children, the circuit court was not required to accept his testimony as true. We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Petitioner presented no evidence disputing the abuse allegations, other than his testimony that K.B. had a "vivid imagination" and she watched too much television. As such, we note that the circuit court was in the best position to weigh witness credibility, and we find no error in the findings of abuse and neglect to the children at issue.

For the foregoing reasons, the circuit court's January 11, 2016, termination order is hereby affirmed.

---

[3]With respect to K.H. and C.H., we have explained that

[w]here there is clear and convincing evidence that a child has suffered physical and/or sexual abuse while in the custody of his or her parent(s), guardian, or custodian, another child residing in the home when the abuse took place who is not a direct victim of the physical and/or sexual abuse but is at risk of being abused is an abused child under W.Va.Code, [§] 49-1-201(A)].

Syl. Pt. 2, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Affirmed.

**ISSUED**: June 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II